SADASIVA SETTY and JEEVARESKHA SETTY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; LOUIS H. ZORN and NORMA J. ZORN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Setty v. Commissioner
Docket Nos. 13136-81, 13137-81.
United States Tax Court
T.C. Memo 1984-282; 1984 Tax Ct. Memo LEXIS 390; 48 T.C.M. (CCH) 203; T.C.M. (RIA) 84282; May 29, 1984. *390 Held: Loss of accrual basis partnership determined. Robert M. Tyle, for the petitioners. Ruth E. Salak, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined deficiencies against petitioners Setty for the calendar year 1977 in the amount of $3,650.60 and against petitioners Zorn for the calendar year 1977 in the amount of $3,136. The deficiencies arise out of adjustments made by respondent to the 1977 loss of a partnership, CSD Partnership (CSD), [1] in which Mr. Setty and Mr. Zorn were *391 each 50 percent partners and to the portion of that loss claimed by each partner for that year. For convenience, we are combining our Findings of Fact and Opinion. Some of the facts have been stipulated and are so found. At the time of filing of their respective petitions herein, petitioners Setty and Zorn were residents of the State of Ohio. During 1977, Mr. and Mrs. Setty were husband and wife, as were Mr. and Mrs. Zorn, but the respective spouses apparently played no part in the CSD Partnership. CSD was formed to promote and develop in some fashion a structural steel framing system developed *392 by Associated Structures, Inc. (Associated), a corporation established by Ronald J. Pitillo several years prior to the year 1977. Associated was undercapitalized from the start, suffered business reverses in 1977 and a fire in January 1978. Associated ceased business early in 1978 and effectively went out of business, although apparently it did not go into bankruptcy. During 1977 through an unrelated their party, Messrs. Setty and Zorn were put into contact with Mr. Pitillo and agreed to make an investment in or for the benefit of Associated. An attorney from Cleveland, Ohio, participated to an unknown extent in advising Messrs. Setty and Zorn and either that attorney or someone else drafted some documents. The only document before the Court is an instrument described as "Subscription Agreement Contemplating Formation of an Ohio Partnership." This agreement was executed by Messrs. Setty and Zorn in August 1977. It recites that each of them is subscribing the sum of $10,000 to a partnership, the CSD Partnership, for the purpose of developing "consumer markets for the products and services of" Associated in the State of Ohio. The initial investment of the partners totaling $20,000 *393 was to be deposited with The National City Bank of Cleveland, Ohio, as escrow agent and to be transferred to the partnership checking account when that total had been deposited with the bank, at which time the formation of the partnership was to be effected. The subscription agreement also describes itself as the "partnership agreement." Finally, in this document each of the parties, Messrs. Setty and Zorn, Purport to guarantee the liabilities of the partnership to the extent of an additional $10,000 each for an apparent maximum investment in the partnership of $40,000. [2]
Some portion of the original $20,000 was transferred to Associated, some amount apparently was expended for organization costs of CSD and some funds apparently were expended directly by CSD for the mutual benefit of CSD and Associated. There was an agreement between Associated and CSD, although whether verbal *394 or in writing is not clear, pursuant to which the original $20,000 was to be expended for development of Associated's business in Ohio and the additional $20,000 was to be made available for such purposes. All of the original $20,000 was apparently expended during 1977. No part of the second $20,000 was ever contributed to CSD and no demand was ever made upon CSD or upon Messrs. Setty and Zorn for any payment on their guarantee. During 1977, CSD recorded liabilities totaling $41,128.74, some of which appear to reflect operating expenses, including salaries or wages. The liabilities also included the sum of $22,883.24, described as "marketing and development cost." There is nothing in this record, other than the 1977 partnership tax return of CSD and the 1977 tax return of petitioners Zorn, which suggests that CSD ever had any employees or carried out any business activity itself. Mr. Zorn, the managing partner, testified that he worked for Associated for a period of time. However, his 1977 tax return includes a Form W-2 issued by CSD Partnership. We assume that the source of his compensation for his work for Associated was CSD, using for that purpose the contributions of *395 Messrs. Setty and Zorn. CSD was simply a vehicle for channeling the partners' contributed funds to Associated or directly to creditors of Associated, except for some start-up expense incurred by CSD. While not entirely clear, it seems likely that the marketing and development cost item of $22,883.24 reflected an Associated invoice to CSD obtained by CSD's tax return preparer, probably after the end of 1977. It presumably reflected the balance of the 1977 expenses of Associated which were thought to be billable to CSD pursuant to their agreement. One of the issues to be decided is whether this invoiced sum is accruable in full as a partnership liability. [3] The statutory notice reduced this liability to $2,883.24. [4]
The arrangement between CSD and Associated must have contemplated that the CSD partners either directly or through the partnership *396 had some right to receive some return on their investment related in some fashion to Associated's sales, perhaps with an option to acquire an equity interest in Associated. Based on the entire record, we conclude that there was some condition or contingency related to the right of Associated to demand that CSD or its partners contribute the second $20,000 to Associated. Associated had to demonstrate some business progress or at least the capability of continuing in business before it could demand the additional $20,000, and it was unable to satisfy this requirement in 1977 or thereafter. At the very least, CSD had to continue in business. [5] This record fails to support the contention of petitioners that in 1977 CSD had an unqualified obligation to Associated or to its creditors for the additional $20,000. *397 We accept as a fact, because the parties appear to have done so, that CSD was on the accrual method. The regulations under section 461 [6] provide that: * * * Under an accrual method of accounting, an expense is deductible for the taxable year in which all the events have occurred which determine the fact of the liability and the amount thereof can be determined with reasonable accuracy. * * * While no accrual shall be made in any case in which all of the events have not occurred which fix the liability, the fact that the exact amount of the liability which has been incurred cannot be determined will not prevent the accrual within the taxable year of such part thereof as can be computed with reasonable accuracy. * * * [Section 1.461-1(a)(2), Income Tax Regs.] See, e.g., Seaboard Coffee Service, Inc. v. Commissioner,71 T.C. 465, 476 (1978). The facts and circumstances of each particular case will determine whether or not the requirements of the regulations have been met. Seaboard Coffee Service, Inc. v. Commissioner,supra.
*398 The statutory notices issued to each set of petitioners reduced the partnership loss for the year 1977 from $41,128.74 to $21,128.74 and limited each of the partners to a loss of $10,000, representing the basis of each partner in the partnership, apparently pursuant to section 704(d). Petitioners have the burden of demonstrating that respondent's adjustments in the statutory notices are in error. Rule 142(a). We have found that CSD did not have a fixed liability to pay to or for the benefit of Associated any amount in excess of the initial $20,000 paid by it. We agree with respondent that the alleged liability of CSD for additional obligations of Associated in excess of the initial $20,000 cash contribution is too contingent and too uncertain to justify accrual in the year 1977. [7] The losses of petitioners Setty and Zorn are limited by section 704(d) to the adjusted basis of each partner's interest in the partnership. Hence, petitioners Setty and Zorn are each limited to losses in the sum of $10,000, as determined by respondent. [8]
*399 Decisions will be entered for respondent.
Footnotes
1. The parties have treated CSD as a partnership and the stipulation so describes it, although it is unclear whether the facts, as distinguished from the record in this case, would warrant treating the joint investment by and related activities (if any) of Messrs. Setty and Zorn as a partnership. However, for purposes of this opinion, we accept the parties' characterization of CSD as a partnership. We assume that Messrs.Setty and Zorn were general partners, although that is inconsistent with their apparent contention that their partnership obligations could not exceed $20,000 each.↩
2. In this connection, the document provides: I hereby represent and warrant that I am fully aware that I am personally guaranteeing the liabilities of this partnership beyond the extent of my investiment for an additional sum of money, equal to my investment, as the maximum limit of my 'risk' * * *.↩
3. The stipulation recites that there was an "adjusting entry" on CSD's books on December 31, 1977, which set up an accrued liability in the amount of $20,000. The statutory notice seems to indicate that this entry was related to the $22,883.24 item. ↩
4. The statutory notice stated the sum to be $2,283.24, an obvious error.↩
5. On cross-examination, Mr. Pitillo testified that there was some contingency in terms of Associated's level of sales related to the obligation of CSD to provide the additional $20,000. After a recess, Mr. Pitillo changed his testimony with respect to the existence of the contingency. However, he continued to indicate that Associated had to be a viable business entity to be entitled to the additional funds from CSD. We have made our finding on the basis of his entire testimony, his demeanor on the witness stand and on the entire record.↩
6. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
7. The partnership return shows accrued liabilities of $21,128.74 and a loss of $41,128.74. The statutory notice reduced the loss to $21,128.74 and limited the distributive share of the loss to the basis of $10,000 for each partner. The record fails to disclose the nature of the items comprising the sum of $1,128.74 or the reason for permitting accrual of any liability in excess of those expenses to which the contributed funds were applied, i.e., $20,000. However, no useful purpose would be served by resolution of this question. ↩
8. We note that the record was held open for the receipt of additional evidence, but petitioners proferred none. Also, no brief was filed by petitioners' counsel.↩